UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

MM9327

ROMEO MORRIS,

    Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JONATHAN PEREZ, and P.O.s JOHN DOES #1-50 (said names fictitious as the true names are presently unknown), individually and in their Official Capacities,

    Defendants.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

15 – CV – 3121 (JPO)

Plaintiff, Romeo Morris, by his attorney, MATTHEW D. MYERS, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and Police Officers JONATHAN PEREZ and JOHN DOES #1-50 of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Essex County in the State of New Jersey.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. Defendants JONATHAN PEREZ, P.O. JOHN DOES 1-50,, are and were at all times relevant to this action, police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacity.

9. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and

agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On September 1, 2014, Plaintiff ROMEO MORRIS was lawfully in a public place on or about 109th Street near Lexington Avenue, County of New York, State of New York, seated in a vehicle.

12. Plaintiff was unlawfully and forcibly accosted by the Defendants, resulting in serious injuries.

13. Plaintiff was arrested unlawfully by the Defendants and charged with, *inter alia*, Robbery in the First Degree, and two counts of Robbery in the Second.

14. After his arrest, the Defendant Police Officers filled out false police reports and provided false and misleading information to the Prosecution which implicated Plaintiff in the commission of a crime. Plaintiff denied any participation in any of the crimes alleged.

15. On or about September 2, 2014, Plaintiff was arraigned in Criminal Court, New York County, New York. Bail was set and Plaintiff remained in custody. (6) arraignment and bail status,

16. On or about September 9, 2014, Plaintiff ROMEO MORRIS appeared and testified before the Grand Jury on his own behalf in defense of the false charges against him.

17. The Grand Jury, having heard all the testimony, found that the Defendants did not have a sufficient basis to arrest Plaintiff and voted a "no true bill".

18. On or about September 9, 2014, Plaintiff Romeo Morris was finally released from custody.

19. On or about December 18, 2014, notwithstanding the Defendants' unlawful conduct, all charges against Plaintiff were dismissed and sealed.

20. As a result of the incident, Plaintiff *suffered significant personal injuries* and spent eight (8) days in custody.

21. On October 8, 2014, Plaintiff ROMEO MORRIS duly served a Notice of Claim upon the City of New York in the manner required by law.

22. That at least 30 days have elapsed since the service of notice of said demand and adjustment or payment thereof has been neglected and/or refused.

23. That a hearing pursuant to General Municipal Law Section 50-H was held on December 22, 2014.

24. That this action is being commenced within one year and ninety (90) days after the occurrence herein.

**FIRST CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

25. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

27. All of the aforementioned acts deprived Plaintiff, ROMEO MORRIS, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth,

Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

31. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as

described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF:
### FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

35. As a result of Defendants' aforementioned conduct, Plaintiff, ROMEO MORRIS, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

36. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

37. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace.  Plaintiff was discredited in the minds of many members of the community.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

40. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

41. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

43. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

44. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

45. The criminal proceedings were terminated in Plaintiff's favor on or about December 18,2014, when the charges against him were dismissed and sealed.

**FIFTH CLAIM FOR RELIEF:**
**ASSAULT UNDER 42 U.S.C. § 1983**

46. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 45 with the same force and effect as if fully set forth herein.

47. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

48. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

49. As a result of the excessive force and brutality, Plaintiff sustained substantial pain and bruising and swelling about his body including a broken finger.

50. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.

**SIXTH CLAIM FOR RELIEF:**
**NEGLIGENT SUPERVISION, HIRING and RETENTION**

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. The actions of Defendant CITY, through its agents, servants and/or employees, including defendants PEREZ, and JOHN DOES #1-50 heretofore described constitutes

negligence in that Defendant CITY negligently trained or failed to train its agents, servants, or employees, including defendants PEREZ, and JOHN DOES #1-50.

53. The actions of Defendant CITY, through its agents, servants, or employees, including Defendants PEREZ and JOHN DOES #1-50, heretofore described constitutes negligence in that Defendant CITY negligently supervised or failed to supervise its agents, servants, or employees, including Defendants PEREZ, and JOHN DOES #1-50.

54. The actions of Defendant CITY, through its agents, servants, or employees, including Defendants PEREZ and JOHN DOES #1-50, heretofore described constitutes negligence in that Defendant CITY negligently disciplined or failed to discipline its agents, servants, or employees, including Defendants PEREZ and JOHN DOES #1-50.

55. Defendant CITY was negligent in its hiring of its agents, servants and/or employees, including Defendants PEREZ, and JOHN DOES #1-50, who Defendant CITY knew, or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions.

56. Defendant CITY was negligent in its retention of its agents, servants and/or employees, including Defendants PEREZ, and JOHN DOES #1-50, who defendant CITY knew, or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions in that they refused or failed to perform within the statutory and constitutional limits of their authority and misused and abused their positions.

57. That Plaintiff's action falls within one or more of the exceptions contained in CPLR § 1602, including, but not limited to CPLR §1602(11).

58. As a result of the negligence of Defendant CITY and the acts of Defendants PEREZ and JOHN DOES #1-50 and other agents, servants and/or employees of Defendant CITY, without any negligence on the part of Plaintiff, Plaintiff was caused to suffer severe and permanent personal injuries, pain and suffering, emotional and psychological distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, legal expenses, and damage to his reputation.

59. By reason of the foregoing, Defendants are liable to Plaintiffs in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

### SEVENTH CAUSE OF ACTION
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 59 with the same force and effect as if fully set forth herein.

61. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

62. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

63. As a result of the excessive force and brutality, Plaintiff sustained significant injuries including fractured finger bones, substantial pain, bruising and swelling about his hand, requiring medical treatment.

64. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage.

65. By reason of the foregoing, Defendants are liable to Plaintiff in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## EIGHTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

66. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 65 with the same force and effect as if fully set forth herein.

67. Defendant Police Officers PEREZ, and Police Officers "John Doe #1-50 (said names being fictitious, as the true names are unknown), arrested ROMEO MORRIS despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

68. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

70. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

71. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

72. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff ROMEO MORRIS.

75. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

76. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

77. All of the foregoing acts by Defendants deprived Plaintiff ROMEO MORRIS of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

  f. Not to have cruel and unusual punishment imposed upon him; and

  g. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS.

2. Punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:  New York, New York
     May 1, 2015

                Respectfully submitted,

                _/s/ M. Myers_
                Matthew D. Myers (MM 9327)
                Attorney for Plaintiff
                299 Broadway, Suite 200
                New York, New York 10007
                (212) 986-5900